NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1879
_____

UNITED STATES OF AMERICA

v.

PAULINO A. JAQUEZ-TORRES,
Also known as Wilbert Batista

Paulino A. Jaquez-Torres,
                                             Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 1-08-cr-00242-001)
District Judge: Hon. R. Barclay Surrick
_____

Submitted under Third Circuit LAR 34.1(a)
June 21, 2011

Before: HARDIMAN and ALIDSERT, Circuit Judges, and RESTANI,[*] Int'l Trade Judge.

(Filed June 22, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

_____

[*] Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

Appellant Paulino Jaquez Torres raises a single issue for our review: did the District Court err in imposing two criminal history points for his previous contempt of court conviction? We determine it did not and will affirm.[1]

The parties are familiar with the facts and the proceedings in the District Court, so we will not revisit them here.

Jaquez Torres presents two arguments in support of his assertion that the District Court erroneously imposed two criminal history points. He first contends that there was insufficient evidence upon which to conclude that he had been convicted for contempt of court. This claim is without merit. The Probation Officer and the District Court relied on a municipal court docket entry that reflected the date of conviction, the court term and number, and the exact sentence imposed. Indeed, Jaquez Torres's trial counsel corroborated the existence of the previous conviction, stating: "Mr. Savino from my office represented this gentleman . . . and certainly did a good job in reducing what could have been a five month and 29 day sentence to a two month sentence, in effect. But at any rate, this defendant was given a criminal conviction for a contempt of court . . . ." App. 37a (Sentencing Tr.). We therefore have no trouble concluding that "sufficient indicia of reliability," United States v. Leekins, 493 F.3d 143, 149 (3d Cir. 2007) (quotations and citations omitted), supported the existence of a previous contempt of court conviction.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

2

Jaquez Torres also contends that the Court erred in imposing two criminal history points for the contempt of court conviction. We disagree. The Sentencing Guidelines state that contempt of court convictions are to be counted if the sentence was a term of imprisonment of at least 30 days. U.S.S.G. § 4A1.2(c)(1). Because Jaquez Torres received a sentence of 2 months and 28 days to 5 months and 29 days' imprisonment, the conviction counted for purposes of calculating his criminal history score. The Guidelines instruct courts to add two points for each prior sentence of imprisonment of at least 60 days. Id. § 4A1.1(b). The District Court therefore properly added two points to Jaquez Torres's criminal history score.

* * * * *

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. We will affirm the judgment of the District Court.